### 14943.  FULLER v. THE STATE.

BROYLES, C. J.  The corpus delicti was sufficiently proved; and this court cannot hold as a matter of law that the jury were not authorized to find that the evidence, while wholly circumstantial, was sufficient to exclude every reasonable hypothesis save that of the defendant's guilt. It follows that the court did not err in overruling the motion for a new trial, which contained only the usual general grounds.

<em>Judgment affirmed.  Luke and Bloodworth, JJ., concur.</em>

DECIDED NOVEMBER 15, 1923.

Accusation of larceny; from city court of Blackshear—Judge Mitchell.  July 14, 1923.

*Eldon L. Bowen,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.

---

### 14944.  HENDRIX et al. v. THE STATE.

The bill of exceptions not having been served as required by law, and there being no waiver of service, the writ of error must be dismissed.

DECIDED NOVEMBER 15, 1923.

Indictment for possession of liquor; from Evans superior court —Judge Sheppard.  June 26, 1923.

*H. H. Durrence, S. T. Brewton, W. G. Warnell,* for plaintiffs in error.

*J. Saxton Daniel, solicitor-general,* contra.

LUKE, J.  The defendants presented a bill of exceptions complaining of the judgment overruling their motion for a new trial, but the bill of exceptions, although properly certified, has never been served as provided by law, nor has there been any waiver of service.  It necessarily follows that the bill of exceptions must be and is dismissed.

*Writ of error dismissed.  Broyles, C. J., and Bloodworth, J., concur.*